KANSAS FLOUR MILLS COMPANY *v.* BRICKLEY ET AL.

[No. 12,803. Filed March 29, 1928.]

*James J. Moran* and *Emshwiller & Emshwiller*, for appellant.

*L. B. Simmons*, for appellees.

McMahan, J.—Appellant and appellees entered into a written agreement, the appellant to sell and appellees to buy a named quantity of flour. The contract was partly in print, with blank spaces to be filled in according to the agreement of the contracting parties. The printed part of the contract, among other things provided, that: "The commodities covered by this contract shall be ordered shipped within sixty days from the date of the contract, unless a shorter time is herein specified. The buyer shall furnish to the seller, not less than fourteen days prior to the expiration of the contract period, such specifications and instructions as will permit the seller to ship."

When specified dates for shipments were agreed upon, the shipper had the right to ship five days prior to or five days after the specified date. On the first page of the contract, and preceding the above provisions, in a blank following the printed words "Time of Shipment" there were inserted with a typewriter the words "When ordered." This provision, when completed and as it appears in the contract, is as follows: "Time of Shipment. When ordered."

Appellees gave shipping directions for part of the

flour, the same was shipped, received by and paid for by them. They failed and refused to give any shipping directions for the balance. Appellant brought suit against appellees for damages for breach of contract. Appellees filed a cross-complaint asking that the contract be reformed by striking out the provision that the flour be shipped within sixty days. The issue being closed, the cause was submitted to the court for trial, evidence heard, and taken under advisement. Before a finding had been announced, appellant dismissed its complaint, and later, appellees, over appellant's objection, were given leave to file an amended cross-complaint. The amended cross-complaint alleged that when the contract was signed by appellees, they did not know that the provision requiring the flour to be shipped within sixty days unless a shorter time was specified was in the contract, but believed the contract as written gave them the privilege of delaying shipment until they could store and care for the flour as the parties had verbally agreed; that appellant believed and understood the contract to mean that the flour was required by the terms of the contract to be shipped within sixty days from the date of the contract regardless of whether appellees had room in which to store the same; that the parties did not understand the contract alike; that their minds did not meet upon the terms of the contract and that the contract was wanting in mutuality and was void. Appellant's motion to strike the amended cross-complaint from the files and its demurrer thereto were overruled and, without the hearing of any further evidence, the court found the facts specially and stated its conclusions of law to the effect that the law was with appellees, and judgment was thereupon rendered in favor of appellees on the amended cross-complaint.

Appellees contend the contract is so ambiguous that two different constructions can be placed on its meaning;

that the parties do not and cannot agree as to the meaning and the same is, for that reason, unenforceable and void. This contention is not tenable. The contract is clear and unambiguous. There is no room for any difference of opinion as to its meaning. It means just what is says—that the flour shall be shipped within sixty days from its date, unless a shorter time is specified. Provision is made by which appellees could order the flour shipped in a shorter time. This was accomplished by the clause "Time of Shipment. When ordered."

Certain questions of practice are presented by appellant, but, in view of the conclusion reached, we do not need to pass on them.

The cause is reversed, with directions to the trial court to restate its conclusions of law, to the effect that the law is with appellant, and that appellees should take nothing by their cross-complaint, and to render judgment accordingly.

Dausman, J., absent.